| | | | |
|---|---|---|---|
| | AUSA: | Matthew Roth | Telephone: (313) 226-9186 |
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent: | Jimmie Pharr, A.T.F. | Telephone: (313) 234-3450 |

# UNITED STATES DISTRICT COURT
### for the
## Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Lynnie Roberson | Case: 2:21−mj−30185<br>Assigned To : Unassigned<br>Assign. Date : 4/21/2021<br>Description: RE: LYNNIE<br>ROBERSON (EOB) |

Case No.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 4, 2021_____ in the county of _____Wayne_____ in the
_____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm and possession of a firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Jimmie Pharr, A.T.F.
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _April 21, 2021_____

_____
*Judge's signature*

City and state:  Detroit, Michigan _____

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Jimmie Pharr, Special Agent for the Bureau of Alcohol, Tobacco,

Firearms and Explosives, being duly sworn, hereby depose and state as follows:

## I.  INTRODUCTION

1.      I have been a Special Agent with the Bureau of Alcohol, Tobacco,

Firearms and Explosives since January 17, 2016. I am currently assigned to the

Detroit Field Division. I completed twenty-six weeks of training at the Federal

Law Enforcement Training Center in Glynco, Georgia, which was comprised of

the Criminal Investigator Training Program and the ATF Special Agent Basic

Training program. I received extensive training on firearms identification, common

scenarios involving firearms and narcotics trafficking, and identification and

effects of controlled substances. Additionally, I received training on undercover

investigations related to firearms and narcotics trafficking, which included

investigative techniques and common subject behavior. I was also employed as a

Detroit Police Officer for the City of Detroit for approximately three years. During

my employment with the Detroit Police Department, I conducted and participated

in numerous criminal investigations focused on individuals who illegally possessed

firearms and narcotics.

1

2.      This affidavit is in support of an application for an arrest warrant for Lynnie Alfonzo ROBERSON Jr. for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

3.      The facts in this affidavit come from my personal observations, training, experience, and information obtained from reports and discussions with law enforcement and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all information known to law enforcement regarding this investigation.

## II.      SUMMARY OF THE INVESTIGATION

4.      On April 4, 2021, at approximately 2:17 a.m., a Canton Police Department (CPD) unit was on routine patrol. The unit observed a blue Cadillac Escalade, bearing Michigan license plate xxxxx42, traveling west bound on Michigan Avenue near Morton Taylor Road, Canton, Eastern District of Michigan. The CPD unit observed the blue Cadillac fail to maintain its lane multiple times without signaling and swerving from one lane to another. The CPD unit activated its emergency lights and initiated a traffic stop.

5.      Canton Police Officers made contact with the occupant of the blue Cadillac. Lynnie ROBERSON, the driver, provided officers with his Michigan driver's license. The officers smelled a strong odor of intoxicants emanating from within the vehicle. ROBERSON was asked to exit the vehicle.

6.     ROBERSON was directed to perform a variety of field sobriety tests. ROBERSON was unable to successfully complete the tasks. Based on their observations, the CPD officers believed that ROBERSON was driving while under the influence of alcohol. ROBERSON was administered a preliminary breath test and registered a .137 blood alcohol content. With the odor of intoxicants, the failed filed sobriety tests, and his preliminary breath test above the legal limit, ROBERSON was arrested for drunk driving.

7.     ROBERSON was transported to the CPD for booking and processing. ROBERSON was searched during the booking process. A Ruger .380 caliber pistol and narcotics were recovered from his underwear. The firearm was found under ROBERSON's groin. The Ruger pistol was loaded with seven rounds of ammunition to include one round in the chamber. ROBERSON, a convicted felon, did not have a concealed pistol license. The Ruger pistol was secured in evidence at the CPD.

8.     I conducted an interstate nexus check on the Ruger pistol. It is in my opinion that the above stated firearm was manufactured outside the State of Michigan, therefore the affected interstate or foreign commerce.

9.     ROBERSON has the following criminal history:

a.     2002 - felony, breaking and entering, 22nd Circuit Court, Washtenaw County;

3

b.    2003 - felony, assault of a prison employee, 22nd Circuit Court, Washtenaw County;

c.    2008 - felony, assaulting/resisting/obstructing a police officer, 22nd Circuit Court, Washtenaw County;

d.    2012 - felony, felon in possession of a firearm and failure to register as a sex offender, 22nd Circuit Court, Washtenaw County; and

e.    2014 - felony, possession of controlled substances with intent to distribute, United States District Court, Eastern District of Michigan.

10.    ROBERSON is currently on federal supervised release and is supervised by the United States Probation Office for the Eastern District of Michigan. Individuals on federal supervised release are routinely advised, both verbally and in writing, that they are prohibited from possessing a firearm or ammunition. Probable cause exists that ROBERSON was aware that he was a felon at the time he possessed the firearm.

### III.   CONCLUSION

11.    Probable cause exists that Lynnie ROBERSON, a convicted felon, was in possession of a pistol, manufactured outside the state of Michigan, knowing

that he was a felon and prohibited from possessing any firearms or ammunition, in

violation of Title 18, U.S.C. § 922(g)(1).

_____

Jimmie Pharr, Special Agent,
Bureau of Alcohol, Tobacco,
    Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
HON. DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

April 21, 2021

5